**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>SOUTHERN METHODIST UNIVERSITY )<br>)<br>  Defendant. )<br>) | Case No._____ |

## COMPLAINT

Plaintiff, HAWK TECHNOLOGY SYSTEMS, LLC ("Hawk"), hereby sues SOUTHERN METHODIST UNIVERSITY ("SMU") and alleges:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of United States Patent No. RE43,462 ('462 Patent), under the patent laws of the United States, including 35 U.S.C. §§271 and 281-285. The '462 Patent is a reissue of United States Patent No. 5,265, 410 (the '410 Patent). The independent claims in the reissued '462 Patent are substantially identical to the corresponding claims in the original '410 Patent.

2. A copy of the '462 Patent is attached hereto as Exhibit A.

## PARTIES

3. Hawk is a limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

4.  SMU is a non-profit corporation organized and existing under the laws of the State of Texas, with its principal place of business at 6423 Boaz Lane Dallas, TX 75205, and operates as an educational institution in Dallas, Texas, where the infringing activity occurred.

5.  SMU's Registered Agent is Paul J. Ward, Perkins Administration Building, 6425 Boaz, Dallas, TX 75275.

## JURISDICTION AND VENUE

6.  Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*

7.  This court has personal jurisdiction over SMU because its principal place of business, as well as the infringing activity alleged herein, took place in the State of Texas. Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

8.  Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district.

## GENERAL ALLEGATIONS

9.  Hawk Technology Systems was formed in 2012 to commercialize the inventions of its founder, Barry Schwab.

10. Mr. Ken Washino and Mr. Schwab invented what is claimed by the '462 Patent.

11. Mr. Washino and Mr. Schwab have collaborated on a number of other pioneering inventions resulting in patents in the areas of video archiving, video downloading and digital cinema.

12. Mr. Schwab also is a named inventor on more than thirty patents, ranging from consumer products to secure network computing.

### Claim 1 Of The '462 Patent

13. Claim 1 of the '462 patent states:

A video storage and display system, comprising:

one or more video cameras, each outputting a signal representative of a video image;

means to receive the signals from each camera and digitally compress the images;

two forms of high-capacity storage media, one being randomly searchable while the other continues to store the digitally compressed image; and

> a computer configured to receive the digitally compressed images, the computer being interfaced to the following devices:
>
> a display screen,
>
> means to receive externally derived operator commands, and
>
> the high-capacity storage media, and

wherein the computer is programmed to perform the following functions:

> display the digitally compressed images from the cameras in different windows on the display screen, each window being associated with an update rate and dimensions in pixels,
>
> vary the spatial parameters and temporal parameters at which a particular image is updated in its window in accordance with one of the externally derived commands,
>
> store the digitally compressed images in the high-capacity storage media, and
>
> vary the spatial parameters and temporal parameters at which a particular image is stored in accordance with one of the externally derived commands.

('462 Patent, Col. 10, line 57 – Col. 11, line 20).

### Claim 12 Of The '462 Patent

14. Claim 12 of the '462 patent states:

The method of simultaneously displaying and storing multiple video images, comprising the steps of:

receiving video images at a personal computer based system from one or more sources;

digitizing any of the images not already in digital form using an analog-to-digital converter;

displaying at least certain of the digitized images in separate windows on a personal computer based display device, using a first set of temporal and spatial parameters associated with each image in each window;

converting one or more of the video source images into a data storage format using a second set of temporal and spatial parameters associated with each image; and

simultaneously storing the converted images in a storage device.

('462 Patent, Col. 11, line 62 – Col. 12, line 10).

## Claim 15 Of The '462 Patent

15.     Claim 15 of the '462 patent states:

A video storage and display system, comprising:

one or more video cameras, each outputting a signal representative of a video image;

means to receive the signals from each camera and digitally compress the images; and

a computer configured to receive the digitally compressed images, the computer being interfaced to the following devices:

   a display screen,

   means to receive externally derived operator commands including means for sensing a deviation from the normal-state image scene associated with at least one of the video cameras, the existence of the deviation being used as the basis for generating an externally derived command, and

   a high-capacity storage medium, and

programmed to perform the following functions:

   display the digitally compressed images from the cameras in different windows on the display screen, each window being associated with an update rate and dimensions in pixels,

   vary spatial parameters and temporal parameters at which a particular image is updated in its window in accordance with one of the externally derived commands,

   store the digitally compressed images in the high-capacity storage medium, and

   vary the spatial parameters and temporal parameters at which a particular image is stored in accordance with one of the externally derived commands.

486026.1

('462 Patent, Col. 12, line 15 – 45).

16.     SMU uses a video storage and display system and methods at its educational institution that infringes one or more claims of the '462 Patent.

### COUNT I: DIRECT INFRINGEMENT OF THE '462 PATENT

17.     The allegations contained in paragraphs 1-18 above are hereby re-alleged as if fully set forth herein.

18.     Without Hawk's authorization, SMU uses a video storage and display system and/or methods that infringe one or more of the claims in the '462 Patent, as defined in 35 U.S.C. §271(a).

19.     Hawk has been damaged by SMU's infringement.

**WHEREFORE**, Hawk respectfully requests the Court:

A.      Enter a judgment finding that the SMU has directly infringed the '462 Patent.

B.      Pursuant to 35 U.S.C. § 284, order SMU to pay damages adequate to compensate for the infringement and including all other damages allowed by 35 U.S.C. §284, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs;

C.      Find this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and award reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in prosecuting this action; and

D.      Award such other and further relief as the Court deems just and proper.

### JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

486026.1

| | |
|---|---|
| Dated:  November 12, 2014 | **/s/ John H. Crouch, IV**_____<br>John H. Crouch, IV - State Bar No. 00783906<br>KILGORE & KILGORE PLLC<br>3109 Carlisle Street, Suite 200<br>Dallas, TX 75204-1194<br>(214) 969-9099<br>(214) 379-0844  facsimile<br>jhc@kilgorelaw.com<br><br>Gregory J. Myers, MN #287398<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>(612) 339-6900<br>(612) 339-0981facsimile<br>gjmyers@locklaw.com<br><br>**ATTORNEYS FOR PLAINTIFF HAWK TECHNOLOGY SYSTEMS, LLC.** |